United States Courts
Southern District of Texas
**FILED**

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FEB 27 2023**

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___GALVESTON___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

___CLIFFORD FAIRFAX___
**PETITIONER**
(Full name of Petitioner)

___TDCJ-CID TERRELL UNIT___
CURRENT PLACE OF CONFINEMENT

___TDCJ # 418151___
PRISONER ID NUMBER

vs.

___BOBBY LUMPKIN___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_____
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☐  A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.
☑  A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-25)
☐  Other:_____                       (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 109TH District Court of Andrews County, Texas

2.  Date of judgment of conviction: In 1988 (Month and date unknown)

3.  Length of sentence: Forty-Five (45) years in TDC

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Cause No 2012

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☑ No

8.   Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? _Texas 8th Court of Appeals at El Paso_   Cause Number (if known): _____

     What was the result of your direct appeal (affirmed, modified or reversed)? _Affirmed_

     What was the date of that decision? _Unknown_____

     If you filed a petition for discretionary review after the decision of the court of appeals, answer the following: _N/A_

     Grounds raised: _____

     _____

     Result: _____

     Date of result: _____   Cause Number (if known): _____

     If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

     Result: _____

     Date of result: _____

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11.  If your answer to 10 is "Yes," give the following information:

     Name of court: _109TH District Court of Andrews County, Texas, and Texas Court of Criminal Appeals_
     Nature of proceeding: _Art. 11.07 Application for Writ of Habeas Corpus_

     Cause number (if known): _2012-C and Writ No. WR-24,259-08_

—3—

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _On May 31, 2022_

Grounds raised: _(1). TDCJ-PD Officials wrongfully denied Applicant_
_[SEE ATTACHED PAGE -4a- FOR CONTINUANCE]_

Date of final decision: _On August 24, 2022_

What was the decision? _Denied without written order_

Name of court that issued the final decision: _Texas Court of Criminal Appeals_

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

-4-

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _On May 16, 2022, at Lubbock County Detention Center_

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☑ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16.    Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days? ☐ Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** TDCJ-PAROLE DIVISION OFFICIALS WRONGFULLY DENIED PETITIONER OF HIS U.S. CONST. XIV AMEND. RIGHTS WHEN THEY WHOLLY FAILED TO HOLD A COLEMAN PAROLE HEARING BEFORE PLACING AN ANKLE MONITOR ON HIM

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On April 14, 2022, TDCJ-Parole Division Officials placed an electronic ankle monitor on Petitioner's ankle without giving him advance notice that an ankle monitor was going to be placed on [SEE ATTACHED PAGE-6a-FOR CONTINUANCE.]

B.   **GROUND TWO:** PETITIONER'S U.S. CONST. XIV AMEND. RIGHT TO BE AFFORDED DUE PROCESS OF LAW WERE VIOLATED BY TDCJ-PAROLE DIVISION OFFICIALS IN PAROLE REVO-CATION HEARINGS FOR VOP REPORT # 32948441.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During Petitioner's parole revocation proceedings for parole Violation Report # 32948441, TDCJ Parole Division Officials and Texas Board of Pardons and Paroles Officials violated his procedural due process rights when they: (1) wholly failed/refused to hold a preliminary hearing [SEE ATTACHED PAGE-6a-FOR CONTINUANCE]

-6-

Continuance of "GROUND ONE & SUPPORTING FACTS"";

his ankle, and without holding a <u>Coleman vs Dretke</u>
parole hearing before placing an ankle monitor on
his ankle. Therefore, TDCJ-Parole Division Officials
denied Petitioner of his constitutional rights to
present evidence on his behalf and in support why
an ankle monitor should have not been placed on
his ankle.

Continuance of "GROUND TWO & SUPPORTING FACTS";
before holding the May 16, 2022, revocation hearing; (2)
hearing officer Ronald Robinson was bias and prejudice;
and thus, was not neutral; (3) wrongfully excluded him
from the May 16, 2022, revocation hearing; (4) denied
him to be heard in person; (5) denied him to present
witnesses and documentary evidence; (6) confront and
cross-examine the accusing parole officer Priscilla

Rosales and other adverse witnesses; (7) held the
May 16, 2022, revocation hearing without TDCJ-Parole
Division or Texas Parole Board Analyst Cielito
Apolinar and Members James LaFavers & Jeffrey
Marton being actually present and detached; (8) wholly
failed to appoint counsel or substitute counsel on his
behalf...after excluding him from the revocation hearing;
(9) wholly failed to provide a "written statement" as
to the evidence they all relied on and reasons for
revoking his parole; and (10) a "written statement" for
excluding him from the May 16, 2022, parole revocation
hearing.

C.   **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

D.   **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

21.   Relief sought in this petition: WHEREFORE, Petitioner respectfully requests for reinstatement of his parole or a new parole preliminary and/or revocation hearing be held for Violation Report #32948441 and he granted to appear in person before the Texas Board of Pardons and Paroles Members.

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?  ☐ Yes  ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: N/A

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _____

(d)  At sentencing: _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

~~N/A~~ _____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

February 12, 2023 _____ (month, day, year).

Executed (signed) on February 13, 2023 (date).

_____
Signature of Petitioner (required)

Petitioner's current address: (TDCJ-CID) mailing address; 1300 FM 655—Terrell Unit, Rosharon, Texas 77583

CLIFFORD FAIRFAX
TDCJ # 418151
1300 FM 655 - Terrell Unit
Rosharon, Texas  77583

United States Courts
Southern District of Texas
F I L E D

FEB 27 2023

Nathan Ochsner, Clerk of Court

February 12, 2023

Clerk
U.S. District Court
Southern District of Texas
601 Rosenberg Street -- Room 411
Galveston, Texas    77550

RE: Civil Action No. _____
    CLIFFORD FAIRFAX vs. BOBBY LUMPKIN
    (28 U.S.C. § 2254  Civil Action)

Clerk of Galveston Division:

Enclosed please find for immediate filing and pre-
senting to U.S. District Court Judge...my 28 U.S.C. §
2254 Petition for Writ of Habeas Corpus and Memo-
randum of Law In Support of § 2254 Petition for
Writ of Habeas Corpus By a Person In State Custody."

-1-

Please be advised that I will have my family member to forward the $5.00 filing fee to this Clerk's office, and therefore... I will not be filing an application to proceed in forma pauperis in this § 2254 action.

Please return receipt to this correspondence, and also a file stamp copy of the enclosed § 2254 petition for writ of habeas corpus and memorandum of law in support thereof.

Thank you and have a bless day.

Cordially,

-2-

CLIFFORD FAIDFAX

DCJ # 418151

1300 FM 655 - Terrell Unit

Rosharon, Texas

77583



APSM 6 N Hou 773

FRI 24 FEB 2023 PM

United States Courts
Southern District of Texas
F I L E D

FEB 27 2023

Nathan Ochsner, Clerk of Court

Clerk

United States District Court

Southern District of Texas

601 Rosenberg Street - Room 41

Galveston, Texas

77550